# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LEON BROWN**                                                    **CIVIL ACTION**

**VERSUS**

**DARREL VANNOY, ET AL.**                                    **NO. 14-352-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 13, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

LEON BROWN                                          CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                          NO. 14-352-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Leon Brown, challenges his conviction, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of armed robbery. The petitioner contends that (1) he was provided with ineffective assistance at trial (2) he was provided with ineffective assistance of counsel on appeal, (3) the evidence was insufficient to support his conviction, and (4) the cumulative effect of the foregoing alleged errors denied him a fair trial.[1]

### Factual Background

The facts, as accurately summarized in the decision of the Louisiana First Circuit Court of Appeal (*State v. Brown,* 11-0363 (La. App. 1 Cir. 9/4/12), 70 So.3d 297), are as follows: On or about December 6, 2009, the defendant entered the Albertsons grocery store located on Government Street in Baton Rouge. He stood in line at the register in the customer service lobby and purchased a package of lunchmeat and a package of cheese. The defendant questioned the cashier, Lenazira Browden (the victim), regarding the cost of his purchase, and she began explaining the charges. The defendant leaned the upper portion of his body over the counter and forcefully grabbed approximately two hundred dollars in cash from the register, as the cashier

---

[1] The Court has assigned its own claim numbers and subparts to the petitioner's claims.

struggled to gain control of the cash drawer.  The defendant left the items on the customer service counter and fled.

Browden began screaming and notified management.  Several store employees were alerted that the robbery had occurred and chased the defendant to the store exit and into the parking lot.  The defendant brandished a switchblade knife and warned the employees to "get back," stating that the money did not belong to them personally.  As one of the employees, Patrick Miller, got close to the defendant, the defendant punctured his chest with the knife. Marlon Lavine, a store manager, grabbed the defendant when they approached a dead-end or alley.  The defendant tried to escape, attempting to climb over a fence.  Lavine grabbed the defendant's legs to prevent his escape.  The defendant held onto the gate with one arm, turned back, and swung the knife toward Lavine with his other arm, but failed to make contact.  The defendant lost his grip, fell, and dropped the knife.  Lavine grabbed the knife, passed it to another store employee, and forcefully led the defendant back toward the store.  The employees then physically restrained the defendant until Officer Thomas Gehling of the Baton Rouge City Police Department arrived.

Officer Gehling took custody of the defendant, read his *Miranda* rights to him, and took possession of the knife.  As a result of a search incident to the arrest, Officer Gehling recovered approximately two hundred dollars from the defendant's front right pocket.  Surveillance footage of record included the following: the defendant's store entry, his customer service transaction, his confrontation with the victim and removal of the money from the cash register, his exit from the store, and the defendant being chased through the parking lot by store employees.  The stabbing of Miller and restraint of the defendant were not captured by the surveillance cameras.

**Procedural History**

After a trial by jury conducted in June, 2010, the petitioner was found guilty of armed robbery. A Motion for Post-Verdict Judgment of Acquittal and Motion for New Trial were filed in September, 2010, and denied by the trial court. On November 9, 2010, the petitioner was sentenced to forty years at hard labor without benefit of probation, parole or suspension of sentence.

The petitioner subsequently filed a counseled appeal. On September 14, 2011, the petitioner's conviction and sentence were affirmed by the appellate court. *See State v. Brown,* 11-0363 (La. App. 1 Cir. 9/14/11), 77 So.3d 297. Writs were denied by the Louisiana Supreme Court on March 9, 2012. *See State v. Brown,* 11-2293 (La. 3/9/12), 84 So.3d 550. The petitioner thereafter filed an application for post-conviction relief, which was denied by the trial court on May 3, 2013. Writs were denied by the appellate court and the Louisiana Supreme Court on August 28, 2013 and April 25, 2014, respectively. *See State v. Brown,* 13-00883 (La. App. 1 Cir. 8/28/13), 2013 WL 12120757 and *State ex. Rel. Brown v. State,* 13-2213 (La. 4/25/14), 138 So.3d 637. The instant application for habeas corpus relief was filed in this Court on May 20, 2014.

**Standard of Review**

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d). Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."  Relief is authorized if a state court has arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination.  *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness.  *Id*.  *See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable").  State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The State contends that, applying this standard to the petitioner's claims, there is no basis for the granting of habeas relief.  The State also contends that some of the petitioner's claims are unexhausted.  A copy of the petitioner's application for post-conviction relief could not be located in the state court record provided to the Court.  Accordingly, the Court will address all of the petitioner's claims on the merit.

### Substantive Review

### *Claim 1: Ineffective Assistance of Trial Counsel*

Addressing first the petitioner's claims of ineffective assistance of counsel, a habeas petitioner who asserts that he was provided with ineffective assistance of counsel must

affirmatively demonstrate (1) that his counsel's performance was "deficient", *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and (2) that the deficient performance prejudiced his defense, *i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial in which the result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner must make both showings in order to obtain habeas relief based upon the alleged ineffective assistance of counsel. *Id*.

  To satisfy the deficiency prong of the *Strickland* standard, the petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *See, e.g., Martin v. McCotter*, 796 F.2d 813, 816 (5th Cir. 1986). The reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence and that, under the circumstances, the challenged action might be considered sound trial strategy. *See, e.g., Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). This Court, therefore, must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *Martin v. McCotter*, *supra*, 796 F.2d at 817. Great deference is given to counsel's exercise of professional judgment. *Bridge v. Lynaugh*, *supra*, 838 F.2d at 773; *Martin v. McCotter*, *supra*, 796 F.2d at 816.

  If the petitioner satisfies the first prong of the *Strickland* test, his petition nonetheless must affirmatively demonstrate prejudice resulting from the alleged errors. *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988). To satisfy the prejudice prong of the *Strickland* test, it is not sufficient for the petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding. *Strickland v. Washington*, *supra*, 466 U.S. at 693. Rather, the

petitioner must show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Martin v. McCotter*, *supra*, 796 F.2d at 816. The habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome." *Id*. at 816-17. Both the *Strickland* standard for ineffective assistance of counsel and the standard for federal habeas review of state court decisions under 28 U.S.C. § 2254(d)(1) are highly deferential, and when the two apply in tandem, the review by federal courts is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The above showing is one that the petitioner cannot make in the instant case.

### Claim 1(a): Failure to investigate

The petitioner asserts that his trial counsel was ineffective for failing to conduct an investigation. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989). The petitioner has alleged that his trial counsel failed to view surveillance videos until two days prior to the trial. The petitioner asserts that had his counsel viewed the videos earlier, he could have asserted the petitioner's innocence at trial. A review of the record reveals that the petitioner's trial counsel thoroughly questioned the witnesses at trial to elicit testimony that the petitioner was not armed when the cash was taken or while the petitioner was in the store. As such, the petitioner's trial counsel did elicit testimony in support of an innocence defense. Put another way, trial counsel made the assertions of which petitioner now complains. In addition, petitioner has made no showing as to

how any other perceived failure to investigate would have had any effect on the outcome of the trial.

### Claim 1(b): Failure to object to evidence

The petitioner next asserts that his trial counsel was ineffective for failure to object to various matters.  An attorney's failure to object does not constitute deficient representation unless there is a sound basis for the objection.  *Emery v. Johnson,* 139 F.3d 191, 198 (5th Cir. 1997).  Stated differently, a futile or "meritless objection cannot be grounds for a finding of deficient performance."  *Id.*

Furthermore, even if a sound reason for objection exists, counsel may nonetheless render effective assistance despite a failure to object if the failure is a matter of trial strategy.  *See Burnett v. Collins,* 982 F.2d 922, 930 (noting that a failure to object may be "a matter of trial strategy as to which [the courts] will not second guess counsel").  Because courts should not second guess an attorney's decision through the distorting lens of hindsight, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland,* 466 U.S. at 689.

The petitioner asserts that his trial counsel was ineffective for failing to object to the introduction of evidence.  The petitioner appears to be complaining about testimony regarding the knife and a photograph of the cashier's till.  The record reveals no basis for an objection as both the knife and photograph were highly probative to the state's case and otherwise admissible under the rules of evidence.

**Claim 1(c): Failure to object to special jury instruction**

The petitioner asserts that his trial counsel failed to object to the special jury instruction requested by the State which provided:

> "You need not find that the defendant was armed at all times during the robbery to find him guilty of armed robbery.  If the defendant armed himself to facilitate his completion of the robbery or to ensure that he could get away without resistance from the victim or that he became armed in the final step in a series of events to facilitate his escape or the completion of the crime, you may consider him armed for the purpose of this statute."

However, the record reveals that the petitioner's trial counsel presented a thorough objection to the special jury instruction at issue, the language of which was based upon the courts' rulings in *State v. Bridges,* 444 So.2d 721 (La. App. 5 Cir. 1984) and *State v. White,* 09-1766 (La. App. 1 Cir. 2/12/10), 2010 WL 532333.  The objection was overruled by the trial court and affirmed on appeal.

**Claims 1(d) and (f):**
**Failure to object to hearsay testimony of witnesses Gehling, Miller, and Lavine**

The petitioner alleges that his trial counsel failed to object to the hearsay testimony of Officer Gehling.  A review of the record reveals that petitioner's trial counsel did object to hearsay during Officer Gehling's testimony at trial, and the objection was sustained by the trial court.  To the extent that Officer Gehling offered substantive testimony regarding statements made to him by witnesses Miller or Lavine, defense counsel thoroughly cross examined Officer Gehling and solicited an acknowledgment that he did not actually see or witness any of those events directly.  In addition, any testimony by Officer Gehling about events relayed to him by other individuals was unnecessarily cumulative, as both witnesses Miller and Lavine testified at trial that they saw the petitioner possessing the knife in question in the course of completing the robbery and escape.  A decision not to object to every potential aspect of Officer Gehling's

testimony, in light of the other evidence being admitted, could reasonably have been a matter of trial strategy. Regardless, petitioner has made no showing of prejudice for any such failure.

The other purported hearsay testimony of which the petitioner complains was given by Officer Gehling at a preliminary examination wherein hearsay testimony is explicitly permitted by state law. *See* Louisiana Code of Evidence article 1101(B)(4). As such, no objection was warranted.

The petitioner also alleges that his trial counsel failed to object to the hearsay testimony of witnesses Miller and Lavine. The petitioner has not identified any purported hearsay testimony presented by these witnesses with specificity. A review of the record reveals that witnesses Miller and Lavine did testify as to the defendant's statements made when he was fleeing through the parking lot. These statements, however, are not hearsay by definition, as they are offered against the defendant and are his own statements. *See* Louisiana Code of Evidence article 801(D)(2)(a). As such, no objection was warranted.

### Claim 1(g): Failure to object to prejudicial photograph

The petitioner alleges that his trial counsel was ineffective for failing to object to a photograph depicting the petitioner with his arms behind his back after he had been taken into custody. A review of the record reveals that the petitioner's trial counsel did object to the introduction of this photograph on the grounds of prejudice. The objection was overruled by the trial court.

### Claim 1(i): Failure to object to testimony regarding alleged "other crimes"

The petitioner alleges that his trial counsel was ineffective for failing to object to testimony and evidence regarding alleged other crimes, i.e., the "stabbing" of Patrick Miller as the petitioner was attempting to flee through the store's parking lot. Pursuant to state law,

evidence of other crimes is generally not admissible. Such evidence, however, is admissible and would not be prohibited by Louisiana Code of Evidence article 404(B), when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the proceeding.

There is no question that petitioner's flight from Albertson's, wielding of the knife, stabbing of Mr. Miller, and attempted slashing of Mr. Lavine, were all a part of the same series of events constituting the petitioner's armed robbery. As such, no objection was warranted. Furthermore, the failure to object can be considered sound trial strategy since the petitioner's defense was that he was not armed with a weapon during the taking, rather he pulled the knife from somewhere on his person after being chased through the parking lot by Patrick Miller and other store employees.

### Claim 1(h): Failure to object or move for a mistrial

The petitioner also alleges that his trial counsel failed to object to or move for a mistrial following testimony from store employee witnesses regarding where the knife came from and the witnesses' belief that it belonged to the defendant after the State's expert, Fred Gernant, testified that no fingerprints were obtained from the knife. A review of the record reveals no basis for any objection or motion for a mistrial. Credibility determinations are squarely within the province of the trier of fact.

### Claim 1(e): Failure to challenge the credibility of witnesses

The petitioner also alleges that his trial counsel failed to challenge the credibility of some of the state's witnesses who were convicted felons. A review of the record reveals that the prosecution elicited testimony regarding the prior criminal convictions of the state's witnesses on direct. As such, there was no reason to rehash the same testimony on cross-examination.

However, when Patrick Miller's testimony as to his criminal history was inaccurate, the petitioner's trial counsel questioned Miller regarding the same and elicited testimony that Miller has actually been convicted of other crimes that he failed to mention on direct. As such, the Court cannot say that the petitioner's trial counsel was ineffective in this regard.

Even if the petitioner's trial counsel could be considered ineffective for the any of the foregoing reasons, the petitioner has not shown a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different or shown a probability that the asserted errors are "sufficient to undermine confidence in the outcome." Thus, the petitioner has failed to meet his burden of proof relative to this claim.

### Claim 2: Ineffective Assistance of Appellate Counsel

As to the petitioner's appellate counsel, the petitioner asserts that his counsel was ineffective for failing to present claims regarding his trial counsel's ineffective assistance at trial on appeal. The petitioner alleges that his appellate counsel advised him that such claims were better reserved for presentation in an application for post-conviction relief.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 393–94 (1985); *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000). However, appellate counsel is not deficient for not raising every non-frivolous issue on appeal. *U.S. v. Reinhart,* 357 F.3d 521, 525 (5th Cir. 2004). The failure to brief what ultimately is a meritless issue does not constitute ineffective assistance of counsel. *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981). Where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial. *Reinhart, supra.* Counsel's failure to raise an issue on appeal will be considered deficient performance only when that decision falls below an

objective standard of reasonableness. *Id.* This standard requires counsel to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. *Id.* To show prejudice, the petitioner must show a reasonable probability that, but for his appellate counsel's error, the outcome of his appeal would have been different. *Pitts v. Anderson,* 122 F.3d 275, 279 (5th Cir. 1997).

As explained above, petitioner's trial counsel was not ineffective, so there can be no error in failing to raise this issue on appeal. Additionally, the petitioner's appellate counsel was correct in advising that the petitioner's claims of ineffective assistance of trial counsel were better reserved for presentation in an application for post-conviction relief. The general rule in Louisiana is that a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court than by appeal. *State ex rel. Bailey v. City of West Monroe,* 418 So.2d 570 (La.1982). As such, the petitioner's claim is without merit.

### Claim 3: Sufficiency of the Evidence

In Claim 3, the petitioner asserts that the evidence presented was insufficient to establish that the petitioner was armed with a dangerous weapon at the time of the taking; therefore, the evidence only supported the crime of simple robbery rather than armed robbery. Applying the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Louisiana First Circuit Court of Appeal concluded that there was sufficient evidence to support the conviction finding:

> "The employees began chasing the defendant before he exited the store and there was no point during the ensuring chase that would have allowed the defendant to suddenly gain possession of the knife. The uncontested evidence shows that the defendant, though armed at all times during the offense, used the weapon not to take possession of the money he took from the cash drawer, but in an attempt to facilitate an escape, the final step in the series of events."

*State v. Brown,* 77 So.3d at 301. For these same reasons, this Court likewise rejects the petitioner's claim challenging the sufficiency of the evidence.

This analysis is similar to that conducted in *Mitchell v. Prince,* 2012 WL 6853513 (E.D. La. Dec. 21, 2012); *report and recommendation adopted*, 2013 WL 149247 (E.D. La. Jan. 11, 2013). In *Mitchell*, Jonathan Johnson was working at a convenience store when he noticed two men in the stock room. He walked over to determine why the men were there, and observed the two men each filling a trash bag with cartons of cigarettes. Johnson asked the men what they were doing, but they merely looked up and continued placing the cartons in the bag. The two men walked outside and Johnson followed them. As the men were approaching a black Infiniti, Johnson grabbed the bag that petitioner Mitchell was carrying. Mitchell turned and raised his shirt, revealing a pistol tucked into his pants. Johnson retreated into the store and called 911.

At trial, Johnson testified as to the events described above, and that his testimony was inconsistent with the information he relayed to the 911 operator since he failed to mention the gun. The jury was also aware that no gun or other significant evidence was recovered. Mitchell was convicted of armed robbery. In his habeas corpus application Mitchell argued that the evidence was insufficient because he did not flash the gun until the robbery was over, and he had already taken the cigarettes and was outside the store.

Citing to the instant petitioner's appellate decision, as well as *State v. Bridges,* 444 So.2d 721 (La. App. 5 Cir. 1984), the district court determined that a rational trier of fact could easily have found the essential elements of armed robbery were proven beyond a reasonable doubt. Likewise, in the instant matter, the appellate court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was the determination of facts unreasonable in light of the evidence. As such, this claim is without merit.

### *Claim 4: Totality of Errors*

The petitioner asserts in Claim 4 that the cumulative effect of the foregoing alleged errors by his counsel and the state trial court denied him a fair trial.  Federal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial when: (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and, (3) the errors so infected the entire trial that the resulting conviction violates due process.  *Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995), *quoting, Derden v. McNeel,* 978 F.2d 1453, 1454 (5th Cir. 1992).

The cumulative errors doctrine provides relief only when the constitutional errors committed in the state trial court so fatally infected the trial that they violated the trial's fundamental fairness.  *Spence v. Johnson,* 80 F.3d 989, 1000 (5th Cir. 1996).  Insofar as the petitioner asserts a "cumulative error" theory as a separate ground for relief, his argument is foreclosed by the Fifth Circuit's opinion in *Derden* and its progeny.  In order to satisfy the cumulative error rule in the Fifth Circuit, the petitioner must show that: (1) the state trial court actually committed errors; (2) the errors are not procedurally barred; (3) the errors rise to the level of constitutional deprivations; and (4) the record as a whole reveals that an unfair trial resulted from the errors.  *Derden v. McNeel,* 978 F.2d at 1458.

For the reasons set forth in the analysis above, none of the alleged errors identified by petitioner rise to the level of a violation of the petitioner's constitutional rights.  Additionally, review of the record of the petitioner's trial, as a whole, reveals that the petitioner was not denied a fair trial.  The petitioner's cumulative errors ground for relief is without merit.

**Certificate of Appealability**

Should the petitioner pursue an appeal, a certificate of appealability should also be denied.  An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether she would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In the instant case, the Court finds that reasonable jurists would not debate the denial of defendant's application or the correctness of the substantive ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## <u>RECOMMENDATION</u>

It is recommended that the petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed.  It is further recommended that in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on July 13, 2017.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**